UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT E. RAKOCZY, | ) | CASE NO. 1:09 CV 1889 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On August 12, 2009, petitioner pro se Robert Rakoczy filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Rakoczy is incarcerated in an Ohio penal institution, having been convicted in 2001 of rape, pandering sexually oriented matter, and possessing criminal tools. As grounds for the petition, he asserts the trial court lacked jurisdiction under Ohio law. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

The issues sought to be raised by petitioner concern the interpretation of Ohio law. It is not the province of this court to reexamine state-court determinations on state-law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Further, even if a cognizable habeas corpus issue were set forth, it is evident on the face of the petition that Rakoczy exhausted all available remedies

well over one year prior to the date he filed this action.[1] Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations. Therefore, the petition would have to be dismissed as time-barred in any event.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 10/15/09
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[1] His recent postconviction motion cannot "retrigger" the statute of limitations for bringing a federal habeas action. Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. Feb. 12, 2003); cf. Searcy v. Carter, 246 F.3d 515 (2001)(delayed appeal).